UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6143 CAS (AJWx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | EAST WEST SOUNDS, INC. V. NICHOLAS PHOENIX ET. AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Patrick Michela | | Edwin McPherson |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS COMPLAINT OR FOR MORE DEFINITE STATEMENT (Docket Entry No. 9, filed August 8, 2012)

## I. INTRODUCTION

On July 17, 2012, plaintiff East West Sounds filed a complaint in this Court. The complaint alleges a single claim for copyright infringement.

On August 8, 2012, defendant Nicholas Phoenix filed a motion to dismiss plaintiff's complaint, or, in the alternative, for a more definite statement. Plaintiff filed its opposition on August 20, 2012, and defendant responded on August 27, 2012. The Court held a hearing on September 10, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that it produces virtual instruments made from digital recordings of real instruments played by professional musicians. Complaint ¶ 9. Plaintiff uses these recordings to create software through which professional musicians recreate instrumental performances using a keyboard and computer. Id. These virtual instruments are comprised of a software engine, the actual data controlled by the software (including the acoustic instrument recordings), and additional software that controls how the data is manipulated. Id. ¶ 10.

Four of plaintiff's virtual instruments are at issue in this case: (1) East West/Quantum Leap Pianos (Full); (2) East West/Quantum Leap Symphonic Orchestra

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6143 CAS (AJWx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | EAST WEST SOUNDS, INC. V. NICHOLAS PHOENIX ET. AL. | | |

(Platinum); (3) East West/Quantum Leap Symphonic Choirs; and (4) Quantum Leap Stormdrum 2 (these four works are hereafter collectively referred to as the "Virtual Instruments"). Complaint ¶ 17. Plaintiff's complaint attaches registrations from the Copyright Office granting plaintiff copyrights to these works. Id. ¶ 18; Exs. 4 – 7. The Virtual Instruments are registered as works made for hire. Id. Exs. 4 - 7.

    Defendant is the sole shareholder and director of Deepwell, Inc, which owned sound inventory and other intellectual property rights in Quantum Leap products. Id. ¶¶ 11 – 12. In May 2004, plaintiff and Deepwell entered an agreement (the "Transfer Agreement") under which plaintiff purchased all copyrights owned by Deepwell and either all or substantially all of its other assets. Id. ¶ 12.

    According to plaintiff, defendant is now using the Virtual Instruments to create digital music without its consent, and defendant has also incorporated plaintiff's works into musical compositions sold or licensed to movie studios, music aggregators, and others. Id. ¶ 21 – 22. Plaintiff claims that this is willful infringement of its copyrights in the Virtual Instruments. Id. ¶ 23.

**III.   LEGAL STANDARD**

    **A.  Motion to Dismiss under Rule 12(b)(6)**

    A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6143 CAS (AJWx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | EAST WEST SOUNDS, INC. V. NICHOLAS PHOENIX ET. AL. | | |

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

### B. Motion for a More Definite Statement Under Rule 12(e)

Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "Motions for a more definite statement are viewed with disfavor, and are rarely granted." Cellars v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6143 CAS (AJWx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | EAST WEST SOUNDS, INC. V. NICHOLAS PHOENIX ET. AL. | | |

Pacific Coast Packagin, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). "Such a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." True v. American Honda Moro Co., Inc., 520 F.Supp.2d 1175, 1180 (C.D. Cal. 2007).

### IV. ANALYSIS

#### A. Defendant's Motion to Dismiss

A copyright infringement claim has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361. "To withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." Carell v. Shubert Organization, Inc., 104 F.Supp.2d 236, 250 (S.D.N.Y. 2000).

Defendant's motion to dismiss contests whether plaintiff owns copyrights in the Virtual Instruments and whether the works were properly registered in accordance with the statute. To support these conclusions, defendant relies on the assertion that he created a set of works he calls the "Phoenix Material,"[1] and argues that plaintiff does not own a copyright to this material. Plaintiff responds that defendant did not create the Virtual Instruments, and that in any event plaintiff's assertion to the contrary is not the proper subject of a motion to dismiss.

Defendant's arguments are factual and therefore inappropriate because a court hearing a motion to dismiss must accept as true all material allegations in the complaint. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Defendant's arguments are more properly raised by way of a motion for summary judgment.

---

[1] According to defendant, the "Phoenix Material" consists of "[t]he Quantum Leap line, including the original works that were created by Phoenix prior to the [Transfer Agreement], and the works that were created by Phoenix after the [Transfer Agreement] was entered into." Def.'s Mot. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6143 CAS (AJWx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | EAST WEST SOUNDS, INC. V. NICHOLAS PHOENIX ET. AL. | | |

Plaintiff's complaint contains the necessary allegations to state a claim for copyright infringement. Plaintiff alleges ownership of the Virtual Instruments, attaches registration certificates for the Virtual Instruments to its complaint, and alleges the acts by which defendant infringed its copyrights. The Court therefore finds there is no basis for dismissing plaintiff's complaint.

### B. Defendant's Motion for a More Definite Statement

Defendant seeks a more definite statement setting out the basis through which plaintiff claims to own copyrights in the Virtual Instruments. While plaintiff has set out facts showing ownership and authorship in his complaint, the complaint does not provide details explaining the creation of the Virtual Instruments. However, plaintiff's claim provides sufficient detail to notify defendant of the substance of the claim of copyright infringement: the complaint states which works are allegedly infringed and the acts through which the infringement occurred. Details regarding the basis for plaintiff's claim to own copyrights in the Virtual Instruments can be obtained through discovery, and "[i]f the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).[2] The Court therefore finds that defendant's motion for a more definite statement should not be granted.

### V. CONCLUSION

The Court therefore DENIES defendant's motion to dismiss and motion for a more definite statement.

IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[2] To the extent that plaintiff will use "documents, electronically stored information, and tangible things" to prove that it has copyrights in the Virtual Instruments, these will be produced in plaintiff's Rule 26(a) disclosures and will provide defendant information regarding the basis on which plaintiff claims ownership of copyrights.